UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BGC INC.,<br><br>    Plaintiff,<br><br>v.<br><br>RAUHMEL FOX ROBINSON, et al.,<br><br>    Defendants. | Case No. 22-cv-01582-JSW<br><br>**ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AGREEMENT AND GRANTING REQUEST FOR ATTORNEYS' FEES SUBJECT TO PROOF**<br><br>Re: Dkt. No. 62 |

Now before the Court for consideration is the motion to enforce a settlement agreement, filed by Plaintiff BGC Inc. ("BGC"). The Court has considered parties' papers, including the belated opposition filed by Defendant Black Girls Code, Inc. ("BG Code"), relevant legal authority, the record in this case, and the parties' arguments at the hearing held on June 30, 2023. For the reasons that follow, the Court GRANTS BGC's motion to enforce the written agreement.[1]

**BACKGROUND**

BGC, which was previously incorporated under the name "Black Girls Code Inc.", is a non-profit organization founded to advance equal representation for Black women in the technology sector.[2] (Compl. ¶¶ 1-2, Exs. 4-5.) BGC alleges it owns trademark rights in "Black

---

[1] The Settlement Agreement includes a confidentiality provision, which required the parties to keep the terms and conditions confidential, except "as necessary by either Party to enforce the terms of this Agreement." (Declaration of Tamany Vinson Bentz, ¶¶ 9-11, Ex. A (Settlement Agreement, ¶ 18(a)(ii).) Correspondence relating to the Settlement Agreement was also to be treated as confidential. BGC filed the Settlement Agreement in the public record, and Mr. Robinson filed correspondence between BGC's counsel and his former counsel in the public record. The Court concludes those actions do not prevent the Court from enforcing the Settlement Agreement.

[2] BGC was founded by Kimberly Bryant, who is currently involved in litigation with BGC and other members of the organization. Mr. Robinson moved to relate those cases to this case, but

1

Girls Code" (the "Mark") under the common law and pursuant to U.S. Federal Trademark Registration No. 6,145,379, which covers the Mark in connection charitable fundraising, education services, and charitable services. (Compl. ¶¶ 25-26, Ex. 1 ("Registration"), Exs. 4-5.)

In late 2021, BGC's corporate registration lapsed. (Compl. ¶ 2.) On January 11, 2022, Defendant Rauhmel Fox Robinson ("Mr. Robinson") registered BG Code as an exempt organization with the Delaware Department of State and then registered it to do business in California. (Compl. ¶ 28, Ex. 2.) As a result, BGC was not able to renew its corporate registration under its original name and renewed the registration under BGC Inc. (Compl. ¶¶ 2, 25 & n.1, 28.)

On March 14, 2022, BGC filed its complaint alleging that Robinson and BG Code infringed the Mark by using the Mark on a website and on social media posts in connection with the same services that BGC provides. (Compl. ¶¶ 29-30, 33-35.)

On April 18, 2022, BGC filed an application for a temporary restraining order ("TRO"). The parties resolved that application by stipulation. On May 6, 2022, Defendants moved to dismiss. On June 2, 2022, BGC filed a motion for a preliminary injunction, asserting that Defendants violated the stipulation.

On June 30, 2022, the Court denied, in part, the motion to dismiss and determined BGC alleged sufficient facts to show it had standing. On July 14, 2022, Defendants filed their Answer and filed a Counterclaim for cancellation of BGC's trademark and a claim for declaratory relief. On July 25, 2022, the Court granted BGC's motion for a preliminary injunction and conditionally granted a motion to withdraw filed by Defendants' counsel. Defendants subsequently retained new counsel, and the Court entered a Scheduling Order. (*See* Dkt. Nos. 44, 50-52, 56, 60.)

In late January 2023, the parties reached a settlement, which was reduced to writing. On January 27, 2023, Mr. Robinson again asked counsel to withdraw, but he agreed at the hearing that he signed the agreement on behalf of himself and BG Code on February 2, 2023. On February 6, 2023, Sofia Mohammed executed the agreement on BGC's behalf as "BGC's Interim Executive Director." (Declaration of Tamany Vinson Bentz, ¶ 9-11, Ex. A.) The terms of the Settlement

---

this Court has found they are not related.

Agreement state:

> Defendants have voluntarily ceased and agree to cease any and all use of BLACK GIRLS CODE as a mark, or any designations confusingly similar thereto, in connection with (i) business networking goods and/or services, (ii) charitable fundraising or charitable goods and/or services, (iii) educational goods and/or services or (iv) and goods and/or services related to the goods and/or services set out in sections i-iii hereof. For the avoidance of doubt, the term "use" appearing in this provision includes, but is not limited to, use of the BLACK GIRLS CODE mark in advertising and promotional materials and on the Internet in any forum, including on domain names, in any social media handles and on any social media platforms.

(Settlement Agreement, ¶ 1.)

Defendants also agreed to "cease any and all use of the website located at the URL www.blackgirlscode.org (the 'Website') and will remove any and all content from the Website[.]" (*Id* ¶ 2.) The parties agreed to let the registration for the Website expire in due course, but Defendants agreed not to renew the registration or to assign the domain to any other party. (*Id.*) Finally, Defendants agreed to either dissolve BG Code or "rename it using a name that does not include or incorporate the term BLACK GIRLS CODE or any term confusingly similar thereto." (*Id.* ¶ 3.)

During the course of this litigation, BGC made certain allegations about Mr. Robinson's personal conduct. As part of the Settlement Agreement, BGC "agreed that there had been no finding that Mr. Robinson used the corporate name Black Girls Code, Inc." to engage in that conduct. (*Id.* ¶ 4.) The parties also agreed to file a stipulated dismissal, which would include language that withdrew any allegations that "an individual volunteer, of any age, or any gender, was endangered by [Mr. Robinson's] official conduct as the supervisor of volunteers for a 501(c)(3) organization." (*Id.* ¶ 5.) Finally, the Settlement Agreement provides that if a proceeding is commenced based on violation of or to enforce a provision of the agreement, the prevailing party is entitled to reasonable attorneys' fees and costs. (*Id.* ¶ 9.)

The Court will address additional facts as necessary in the analysis.

//

//

3

## ANALYSIS

The parties settled this matter privately but have yet to dismiss the case.[3] "It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). In order to enforce the settlement agreement, the Court must determine it is complete, *i.e.* the parties agreed to all material terms. *Id.* In addition, the Court must conclude the parties actually agreed to the terms or authorized counsel to settle the matter. *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir. 1977). If "material facts concerning the existence or terms of an agreement to settle are in dispute," the Court must conduct an evidentiary hearing. *Callie,* 829 F.2d at 890. For reasons that follow, the Court concludes an evidentiary hearing is not required in this case.

The parties reduced their agreement to a written document, which is signed by Mr. Robinson on behalf of himself and BG Code. Although there was some evidence that suggested Mr. Robinson asked counsel to withdraw in January 2023, he has put forth evidence that he continued to discuss the terms of that agreement through February 1, 2023. Moreover, at the hearing he agreed that he signed the Settlement Agreement on February 2, 2023. (*See, e.g.*, Dkt. No. 70-2, Request for Judicial Notice in Opposition to Motion to Enforce, Ex. 45.) Mr. Robinson suggests he was coerced into entering the Settlement Agreement, but he fails to put forth sufficient evidence to suggest that was the case or to demonstrate that an evidentiary hearing is warranted. Mr. Robinson also argues that Ms. Mohammed did not have authority to enter the Settlement Agreement on BGC's behalf. However, BGC's Board adopted a resolution approving the agreement. (Dkt. No. 83, Declaration of Tamany Vinson Bentz, Exs. A-B.)

The Court concludes the Settlement Agreement is complete and that the parties actually agreed to the terms. The record also demonstrates Defendants have not complied with the terms of the Settlement Agreement set forth in Paragraphs 1 through 3.

Accordingly, the Court GRANTS BGC's motion to enforce the agreement. By no later

---

[3] The Court previously denied Defendants' motion to dismiss for lack of statutory standing, noting that they had not challenged BGC's allegations of Article III standing. (Dkt. No. 44; *see also* Dkt. No. 51, Order Granting Motion for Preliminary Injunction.)

than July 24, 2023, Defendants shall comply with paragraphs 1 through 3.

Pursuant to Paragraph 5 of the Settlement Agreement, the Court identifies the allegations made in the lawsuit that BGC has withdrawn:

Dkt. No. 12: page 2, lines 23-28; page 3, lines 1-8; page 7, lines 4-8; page 12, lines 20-27; page 13, lines 1-6; page14, lines 11-15;

Dkt. No. 33: page 1, lines 15-22, page 4, lines 14-16; page 12, lines 19-26; and

Dkt. No. 39: page 1, lines 12-16.

Because the Court concludes BGC is the prevailing party, it GRANTS the request for attorneys' fees. By July 24, 2023, BGC shall file a declaration setting forth the fees and costs incurred in connection with enforcing this agreement, with supporting documentation. Defendants may file an opposition to the **amount** of the fees and costs by July 31, 2023. That opposition shall not be used to reargue matters presented to the Court in connection with this motion. Unless the Court concludes a reply is necessary, it will resolve the issue of fees and costs once it has received Defendants' opposition.

The Court DENIES BGC's motion to impose monetary sanctions.

The Court DISMISSES this case in its entirety, but it shall retain jurisdiction for a period of six months for the limited purpose of enforcing the terms of the Settlement Agreement and to address BGC's request for attorneys' fees. The Clerk shall close this file.

**IT IS SO ORDERED**.

Dated: July 3, 2023

_____
JEFFREY S. WHITE
United States District Judge